# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT CHANDLER, | ) | Case No. 1:18-cv-1810 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| BRICHAM SLOAN, WARDEN | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.    Introduction

Roosevelt Chandler, Petitioner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Chandler, an Ohio prisoner, is currently serving an eight-year prison term for felonious assault with a firearm specification under Ohio law. He asserts five grounds for relief. Respondent Bricham Sloan, Warden,[1] filed a return of writ on October 12, 2018. (ECF No. 6, PageID #: 64). Chandler filed a traverse on March 2, 2021.[2] (ECF No. 12, PageID #: 1544). This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Chandler's petition and other case-dispositive motions. Because Chandler has presented only procedurally

---

[1] Chandler is now housed at Pickaway Correctional Institution, under the authority of Emma Collins, Warden. Accordingly, Warden Collins is the proper respondent under the Rules Governing Section 2254 Cases.

[2] Chandler did not file a traverse after the Warden filed his return of writ on October 12, 2018. On September 14, 2020, the Court ordered Chandler to file a traverse (if any) on or before October 20, 2020. (ECF No. 8). Chandler moved the Court for an extension; the Court granted his request, ultimately extending the due date to February 15, 2021. (*See* December 17, 2021 Order). Chandler filed his traverse on March 2, 2021. Chandler explained that his traverse was untimely because the correctional institution in which he resides permits prisoners to access the facility's law library only "once a week[,] which makes it impossible to adequately research and prepare legal documents in a timely manner…" (ECF No. 12-1, PageID #: 1551). The Court has given Chandler the benefit of the doubt and reviewed his traverse as it if were timely filed.

1

defaulted claims, I recommend that the Court deny his petition in its entirety and not grant him a

certificate of appealability.

## II.    Relevant Factual Background

The Ohio Court of Appeals for the Eighth Appellate District set forth the following facts[3]

on direct appeal.

> {¶2} The victim and his girlfriend shared an apartment within a two-building complex. The two buildings faced each other, with a shared parking lot in front of both buildings and an outdoor, common area in between. Chandler lived in an apartment directly across from the victim. The victim was in the parking lot while his stepdaughter was in the common area. According to the victim, Chandler's wife became irate at the noise caused by the victim's stepdaughter and other children, and Mrs. Chandler began verbally harassing the stepdaughter through the window of her apartment. The victim confronted Mrs. Chandler through the open window, and the two became verbally combative. The victim's girlfriend convinced him to walk away, and the altercation ended.

> {¶3} According to Mrs. Chandler, she kindly asked the children to move away from the open window, and the victim suddenly appeared, verbally assaulted her, and threatened to kill her. In the process, the victim crawled halfway into the window, displacing the screen in the process.

> {¶4} There is no evidence that the victim was armed or supported the alleged threats against Mrs. Chandler with any type of weapon.

> {¶5} Approximately three to eight minutes later, Chandler returned to the apartment and Mrs. Chandler related what had occurred. Chandler, who was carrying a loaded revolver in his pocket, pulled out the weapon and went outside to confront the victim. Words were exchanged, and either Chandler opened fire on the victim without provocation or Chandler believed the victim was reaching for a weapon and began shooting. The jury believed the victim's version of events. Regardless, during the shooting, Chandler reloaded the firearm at least once.

---

[3] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

{¶6} In addition to the victim being shot, a seven-year-old child, who also lived in the apartment complex, was grazed by an errant bullet fired from Chandler's gun. It is undisputed that no other person fired any shots. The child victim was playing with the victim's stepdaughter before the altercation at Mrs. Chandler's window, and when the shooting started, the young child victim's mother called for her to come home. The child victim tried to run back to her apartment, but by the time she did so, the child victim had been grazed by a bullet on the back of her thigh. The treating paramedic confirmed that the wound resembled those caused by bullets.

{¶7} Chandler testified at trial. He claimed he acted in self-defense because he believed that the victim was reaching for a weapon during their verbal confrontation. The jury was accordingly instructed. The trial court, however, refused to provide the jury with additional instructions on self-defense of another or the Castle Doctrine under R.C. 2901.05(B) — Chandler claimed his wife remained in danger from the earlier confrontation. The jury convicted Chandler for the felonious assault of the victim and the young child victim, both with accompanying three-year firearm specifications.

(ECF No. 6-1, Ex. 10, PageID #: 200-02).

## III.    Relevant State Procedural History

### A.    Indictment and Guilty Verdict

Chandler was indicted on June 10, 2016, on two counts of felonious assault with a firearm specification under Ohio Rev. Code § 2903.11(a)(1) (Counts 1 & 3); two counts of felonious assault with a firearm specification under Ohio Rev. Code § 2903.11(A)(2) (Counts 2 & 4); two counts of improperly discharging into a habitation with a firearm specification under Ohio Rev. Code § 2923.161 (Counts 5 & 6); and one count of carrying a concealed weapon under Ohio Rev. Code § 2923.12(A)(2) (Count 7). (ECF No. 6-1, Ex. 1, PageID #: 96-99*).* Chandler elected to proceed with a jury trial. (ECF No. 6-1, Ex. 5, PageID #: 120). The jury found Chandler guilty on two counts of felonious assault under Ohio Rev. Code § 2903.11(A)(2) as charged in Counts 2 and

4, but not guilty on all other counts. (ECF No. 6-1, Ex. 5, PageID #: 120). The trial court entered

judgment, finding Chandler guilty and sentencing him to an eight-year prison term. (ECF No. 6-

1, Ex. 6, PageID #: 121).

### B.     The Original Direct Appeal

On December 12, 2016, Chandler filed a notice of appeal in the Ohio Court of Appeals.

(ECF No. 6-1, Ex. 7, PageID #: 123). In his brief, he raised five assignments of error:

> **Assignment of Error I:** The trial court erred to the prejudice of the appellant by failing to instruct the jury as to defense of another.
>
> **Assignment of Error II:** The trial court erred to the prejudice of the appellant by permitting the State to elicit testimony regarding prior incidents in which the appellant had had guns taken from him in violation of Evidence Rule 404(B).
>
> **Assignment of Error III:** The trial court erred to the prejudice of the appellant by not allowing the jury to be told that the firearm specifications involved one- and three-year mandatory sentences, but merely identified them as "A" and "B".
>
> **Assignment of Error IV:** The trial court erred to the prejudice of the appellant in denying the motion for dismissal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure, in that the evidence presented was insufficient as a matter of law, and the verdict was against the manifest weight of the evidence.
>
> **Assignment of Error V:** The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to a total of eight years imprisonment, as said sentence is excessive.

*(Id.*, Ex. 8, PageID #: 135-38). On November 16, 2017, the Ohio Eighth District Court of Appeals

overruled Chandler's assignments of error and affirmed the trial court's judgment. (ECF No. 6-1,

Ex. 10, PageID #: 198). Chandler filed an untimely *pro se* notice of appeal to the Supreme Court

of Ohio on February 16, 2018, along with a motion for leave to file a delayed appeal. (ECF No. 6-

1, Exs. 11-12, PageID #: 213, 215). On April 25, 2018, the Supreme Court of Ohio denied

Chandler's request for leave to file a delayed appeal and dismissed the case as untimely. (ECF No.

6-1, Ex. 13, PageID #: 236).

4

## IV.    Federal Habeas Corpus Petition

On July 30, 2018, Chandler petitioned this Court *pro se* to issue a writ of habeas corpus

compelling his release. (ECF No. 1, PageID #: 1). Chandler asserted five grounds for relief:

> **GROUND ONE:** The trial Court erred to the prejudice of the petitioner by failing to instruct the jury as to defense of another.
>
> **GROUND TWO:** The trial court erred to the petitioner [sic] by permitting to state to elicit testimony regarding incident in which the petitioner had guns taken from him in violation of evidence Rule 404(B).
>
> **GROUND THREE:** The trial erred to the prejudice of the petitioner by not allowing the jury to be told that the firearm specifications involved one and three years [sic] mandatory sentences, but merely identified them as "A" and "B".
>
> **GROUND FOUR:** The trial court erred to the prejudice of the petitioner in denying the motion for dismissal pursuant to the Rule 29 of the Ohio Rules of Criminal Procedure, in that the evidence presented was insufficient as a matter of Law and the verdict was against the Manifest weight of the evidence.
>
> **GROUND FIVE:** The trial court abuse [sic] its discretion and erred to the prejudice of appellant by sentencing him to a total of eight years imprisonment, as said sentence is excessive.

(ECF No. 1, PageID #: 5-14). On October 12, 2018, the Warden filed his return of writ. (ECF No.

6, PageID #: 64). On March 2, 2021, Chandler filed his traverse.[4] (ECF No. 12, PageID #: 1544).

## V.    Legal Standards

---

[4] The Court notes that, without seeking leave of the Court to do so, Chandler attempts to raise a new ineffective-assistance-of-appellate-counsel claim in his traverse. (*See* ECF No. 12, PageID #: 1548). This claim is not properly before the Court. Nevertheless, even if the Court were to consider his claim, it is unexhausted, as Chandler failed to raise the claim in the state court. Under Ohio App. R. 26(B), a prisoner can "apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel... within ninety days from journalization of the appellate judgment *unless the applicant shows good cause for filing at a later time*." Ohio App. R. 26(B)(1) (emphasis added). Because Chandler can still raise the ground for relief in state court, it is unexhausted. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-19 (1982).

### A.     Jurisdiction

28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Cuyahoga County sentenced Chandler, and Cuyahoga County is within this court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Chandler's § 2254 petition.

### B.   Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Chandler's petition for writ of habeas corpus. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). Under AEDPA, state prisoners must either exhaust all possible state remedies or have no remaining state remedies before a federal court can review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515-19 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

### C.   Procedural Default

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain

consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state-court judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id.* at 732-33. To be adequate, a state procedural rule must be "firmly established and regularly followed" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009) (quotations omitted).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those

claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' … it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law'…." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law.'" *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)). A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

**VI.    Discussion**

The Warden argues that each of Chandler's grounds for relief are procedurally defaulted[5] because Chandler failed to present them the Supreme Court of Ohio on discretionary review. (ECF No. 6, PageID #: 71-73). The Warden notes that the Supreme Court of Ohio denied Chandler's motion for a delayed appeal and dismissed the appeal. (ECF No. 6, PageID #: 72). Moreover, the Warden argues that Chandler cannot demonstrate that his failure to fairly raise these grounds to the Supreme Court of Ohio should be excused under the cause-and-prejudice doctrine. (ECF No. 6, PageID #: 72). The Warden also argues that Chandler fails to demonstrate a fundamental miscarriage of justice; thus, his claim does not pass through that procedural gateway, either. (ECF No. 6, PageID #: 73).

The Court agrees with the Warden. While Chandler raised each of his habeas claims in his direct appeal to the Ohio Court of Appeals, he failed to file a timely appeal seeking further review before the Supreme Court of Ohio. And while Chandler sought leave to pursue a delayed appeal, that court denied his request. This was a procedural ruling. *See Bonilla v. Hurley*, 6th Cir. 1996) (stating that "the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits"). And in so ruling, the Supreme Court of Ohio enforced an adequate and independent state procedural rule that deprived Chandler of further review. Thus, all of Chandler's habeas claims are procedurally defaulted. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996)).

Because Chandler's grounds for relief are procedurally defaulted, he must demonstrate that cause excuses his default and that he was prejudiced by the alleged constitutional violation.

---

[5] The Warden also argues that "all but Chandler's Fourth ground are non-cognizable matters of state law." (ECF No. 6, PageID #: 73). Because the Court finds that all of Chandler's claims are procedurally defaulted and that his petition must be dismissed, however, the Court need not address whether Chandler's claims are cognizable.

*Coleman*, 501 U.S. at 750. But Chandler does not allege cause to excuse his procedural default; rather, Chandler asserts only that there will be a "fundamental miscarriage of justice" if his claims are not considered due to his actual innocence. (ECF No. 1, PageID #: 29). The Warden argues that Chandler fails to demonstrate a fundamental miscarriage of justice because "[he] has failed to even allege, let alone demonstrate[,] any 'new' reliable evidence that would demonstrate that no reasonable juror would have found him guilty had said 'new' evidence been considered at trial." (ECF No. 6, PageID #: 73). The Court agrees with the Warden.

"The one exception to th[e procedural default] rule … is the circumstance in which the habeas petitioner can demonstrate a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice." *Edwards*, 529 U.S. at 451 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. "In assessing the adequacy of [a] petitioner's showing, … the district court is not bound by the rules of admissibility that would govern at trial." *Id.* (quotations omitted). Put another way: "The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 328 (quotations omitted).

With that said, the "habeas court reviewing a claim of actual innocence does not write on a clean slate":

> The reviewing court must somehow predict the effect that this new evidence would have had on the deliberations of reasonable jurors. It must necessarily weigh this new evidence in some manner, and may need to make credibility determinations as to witnesses who

> did not appear before the original jury. This new evidence, however,
> is not a license for the reviewing court to disregard the
> presumptively proper determination by the original trier of fact.

*Id.* at 340 (Rehnquist, C.J., dissenting). Accordingly, the Sixth Circuit has held that "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). New evidence does not excuse a procedural default unless it is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkin*, 569 U.S. 383, 401 (2013). New evidence, consequently, will excuse a procedural default only in "extraordinary" cases. *Carter*, 443 F.3d at 538. Conclusory statements of innocence are not enough: A petitioner must "support his allegations of constitutional error with new, reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. And the Supreme Court has emphasized that "[i]t bears repeating that the Schlup standard is *demanding*…" *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasis added).

Here, Chandler makes an unsupported conclusory statement "that a miscarriage of justice has occurred due to his actual innocence." (ECF No. 1, PageID #: 29). However, Chandler fails to make any specific allegations or offer any new reliable evidence to support his claim. *Schlup*, 513 U.S. at 324. Accordingly, Chandler fails to demonstrate a fundamental miscarriage of justice. *Id.*

Because Chandler has not demonstrated cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default, his claims must be dismissed.

## VII.    Certificate of Appealability

### A.      Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B.      Analysis

Chandler's grounds for relief are procedurally defaulted. If the Court accepts the foregoing recommendation, then Chandler has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## VIII.   Recommendation

Because Chandler has presented only procedurally defaulted claims, I recommend that the

Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: June 28, 2021

*CarmenHenderson*
_____

Carmen E. Henderson
United States Magistrate Judge

_____

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).